# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Alejandro Macias,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan,<br><br>    Respondent. | No. CV-18-00145-TUC-RCC<br><br>**ORDER** |

On December 4, 2019, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") in which she recommended that this Court deny Petitioner Daniel Alejandro Macias' Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). (Doc. 23) Petitioner filed an objection (Doc. 24.) and Respondent filed a response (Doc. 26). Upon review, the Court will deny the § 2254 petition.

**I.  STANDARD OF REVIEW**

The standard the District Court uses when reviewing a magistrate judge's R&R is dependent upon whether or not a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

There being no objection to the factual summary of the case, the Court adopts the Magistrate Judge's recitation of the facts, and only summarizes the facts as necessary to address Petitioner's objections. Furthermore, Petitioner has not challenged the Magistrate Judge's determination that his Claims 1(b)-(d) are procedurally defaulted. These claims include Petitioner's assertion that his trial counsel was ineffective for failing to handle a motion to dismiss (Claim 1(b)) and a motion to suppress (Claim 1(c)), as well as for cumulative error (Claim 1(d)). The Court finds the Magistrate Judge's conclusions well–reasoned and agrees that they have been procedurally defaulted.

In addition, Petitioner has not objected to the Magistrate Judge's conclusion that Claim 2–for due process violations based on the Post–Conviction Relief ("PCR") court's failure to grant him an evidentiary hearing–is not a cognizable form of relief in federal habeas. *See e.g. Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999) (error in PCR determinations not cognizable in federal habeas); *Leon v. Ryan*, 2014 U.S. Dist. LEXIS 9587, 2014 289980, at *9-10 (D. Ariz. Jan. 27, 2014) (error in denying evidentiary hearing in post–conviction proceedings not cognizable upon habeas review). The Court agrees and adopts this conclusion.

Therefore, the only issue in the Magistrate Judge's opinion to which Petitioner objects is her conclusion that Petitioner had not demonstrated that counsel rendered ineffective assistance when he erroneously informed Petitioner that he could only serve 10.5 years in prison if convicted at trial.

## II. § 2254 STANDARD OF REVIEW

Under 28 U.S.C. § 2254, the district court may grant relief for a claim that has been adjudicated on the merits in state court if the state court's decision "is contrary to or an unreasonable application of federal law", or an "unreasonable determination of facts in

light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2). Factual issues determined by the state court must be rebutted with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). The District Court's analysis is based on the last reasoned decision of the trial court. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To raise a colorable claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, and that petitioner was prejudiced because of counsel's deficient actions. *Strickland v. Washington*, 466 U.S. 668, 686-90, (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Carrera v. Ayers*, 670 F.3d 938, 943 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689). Moreover, ineffective assistance of counsel claims in a habeas petition are "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "When §2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* Under this deference, prejudice requires a petitioner demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 104. "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

### IV. SUMMARY OF CASE

During the pendency of this case, Petitioner was offered a plea agreement exposing him to between 15 years and 38.5 years' incarceration. (Doc. 18 at 57.) During a *Donald* hearing, Petitioner indicated he was aware that his sentence would be much higher than the 10.5 years' incarceration he now claims he thought he would be subject to if he went to trial. *Id*. The trial court informed him of the following:

> COURT: Mr. Macias, you understand you have been offered a plea agreement. And as I understand it today is the last day that you can take that plea agreement. Do you understand that?

> DEFENDANT: Yes, I understand, ma'am.
>
> COURT: And under the plea agreement, the shortest prison sentence you could get would be 15 years, and the longest sentence you could get would be 38 and ¾ years. Do you understand that?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: If you go to trial and you are convicted of everything, the shortest prison sentence you can get is 67 years, and the longest prison sentence you can get is 302 and ¾ years. Do you understand that?
>
> DEFENDANT: Yes, ma'am.
>
> COURT: Have you made a decision about whether you want to accept the plea offer or take this case to trial?
>
> DEFENDANT: Yes, ma'am.

*Id.* Petitioner rejected the plea agreement and the case proceeded to trial. A jury convicted him of a multitude of charges including "burglary in the first degree, aggravated robbery, armed robbery, theft of a means of transportation, three counts of aggravated assault with a deadly weapon, six counts of kidnapping, and three counts of aggravated assault with a deadly weapon of a minor under age fifteen." (Doc. 1-2 at 3; Doc. 17 at 60.)

In a sentencing memorandum and at the sentencing hearing, Petitioner's counsel argued that the the dangerous crimes against children counts needed to be run consecutive to the other sentences, but they could be run concurrent to one another. (Doc. 1-2 at 58.) The trial court disagreed, running the dangerous crimes against children sentences consecutive to one another and the other crimes. *Id.* 59-63. Petitioner was sentenced to 112.5 years' incarceration. (Doc. 1-2 at 22; Doc. 24 at 2.) This sentence reflected the consecutive sentences given for the dangerous crimes against children convictions in accordance with A.R.S. § 13-705M.

Petitioner then filed a Petition for Post–Conviction Relief ("PCR Petition") in the state court, arguing that counsel rendered ineffective assistance because he was not aware of the sentencing law that subjected Petitioner to consecutive sentences rather than

concurrent. (Doc. 17-9 at 2-19.)

The trial court denied the PCR Petition, stating that Petitioner had not made a colorable claim that his counsel's actions were deficient, nor had he established prejudice, and Petitioner had therefore not met the *Strickland* standard for ineffective assistance of counsel. (Doc. 18 at 61-63; Doc. 1-2 at 20-22.)

The trial court noted that to state a colorable claim of ineffectiveness causing a plea agreement rejection "a petitioner must establish that counsel either '(1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea.'" (Doc. 18 at 61 (citing *Donald*, 198 Ariz. at ¶ 11).) Petitioner had not made a colorable claim because the *Donald* hearing provided Petitioner adequate notice of his possible sentencing range–both with the plea agreement and at trial. *Id*. at 62. The trial court stated, "The fact that this Court to thoroughly outlined what would happen to Petitioner if he rejected the plea outweighs any claims today that he did not understand what was explained to him at that hearing or that counsel's advice somehow impeded Petitioner's avowal of understanding." *Id*. at 62. Moreover, the court commented that Petitioner never indicated he did not understand the sentencing range explained during the hearing despite his claims that counsel gave him differing advice. *Id*. In addition, immediately after rejecting the plea, Petitioner was again informed that the minimum sentence he would serve was 67 years, so even if counsel had given him erroneous advice, his claim that he believed he would only serve 10.5 was unpersuasive. *Id*. at 63. Finally, the court did not find Petitioner's affidavits undermined its determination because they were both self–serving and conclusory. *Id*. at 62.

Petitioner appealed to the Arizona Court of Appeals, who affirmed the trial court's determination that Petitioner was fully aware of the "sentences he could face if convicted of all the charges after trial and he knowingly rejected the state's plea offer despite that understanding." *Id*. at 196. The appellate court added that Petitioner's affidavit asserting he was wrongfully informed did not outweigh the strong indications on the record that Plaintiff was fully aware of the higher sentencing range because "counsel agreed on the record that his 'calculations' were the same as the state's assertion of the minimum

sentence if Macias was convicted of the offenses after trial." *Id*. at 196-97

## V. MAGISTRATE JUDGE'S R&R

The Magistrate Judge agreed with the trial court that the *Donald* hearing undermined Petitioner's claim that he was unaware of his potential sentence. (Doc. 23 at 6.) Judge Bowman also found that even though counsel argued that Petitioner's convictions should run concurrently, counsel's arguments were just that–arguments. *Id*. at 8. The oral and written statements were not evidence of a misinterpretation of the statute mandating consecutive sentences, nor were they evidence of counsel's advice to Petitioner about his possible sentence. *Id*.

## VI. PETITIONER'S OBJECTION

Petitioner believes that the Magistrate Judge did not give enough weight to Plaintiff's affidavits stating counsel told him he could only receive a 10.5–year sentence if he was convicted at trial. (Doc. 24 at 2.) Plaintiff claims that his affidavits, the argument in his pleadings, and his statements in open court should have weighed heavier upon habeas review. *Id*.

Petitioner's objection does not establish he is entitled to relief. Petitioner does not explain how the state court's determination that Petitioner had failed to meet either prong of the *Strickland* standard was contrary to law or an unreasonable application of law to fact. He cites no federal law mandating the Court consider a conclusory, self–serving affidavit over Petitioner's overt statements on the record of his understanding of his potential sentence at trial. His post–conviction, self–interested assertions to the contrary are unpersuasive. The state court determined that he failed to state a colorable claim because he had not shown counsel failed to give him information about the plea. Petitioner was adequately notified of his possible sentence at trial: during the *Donald* hearing, after rejecting the plea agreement, and through counsel's open–court affirmation that the state's calculations were correct.

Petitioner also claims that since his counsel argued for the 10.5–year sentence in his sentencing memorandum and at the sentencing hearing the trial court should have at

least granted him an evidentiary hearing because he had stated a colorable claim of ineffective assistance. *Id*. at 3. In addition, Petitioner claims that relying on the *Donald* hearing to show that Petitioner was informed of his possible sentence was somehow inappropriate because both the state court and the Magistrate Judge needed to rely on Petitioner's counsel's statements instead. *Id*.

      Again, Petitioner's arguments do not undermine the state court's determination that despite his claims that counsel was giving him contrary advice, Petitioner understood the potential sentence he was facing if he proceeded to trial. Contrary to Petitioner's claims, the state court did consider Petitioner's counsel's statements. The court evaluated counsel's sentencing memorandum and oral argument about current sentences and determined that it could plausibly be construed as creative argument for reducing Petitioner's sentence. In addition, the state court drew its conclusions about Petitioner's awareness about the sentencing range from counsel's open court statement that the state's calculations were the same as his own. The state court's decision was not contrary to federal law or an unreasonable application of the law to the facts in this case.

      Petitioner also argues that the Magistrate Judge's determination that Petitioner had not demonstrated prejudice was unfounded. *Id*. at 5. The Court disagrees. Between the statements on the record that Petitioner wished to proceed to trial despite his exposure to a lengthy sentence and counsel's statements on the record that his calculations were in line with the state's for proceeding to trial, there was insufficient evidence that absent counsel's alleged miscalculations, Petitioner would have taken the plea agreement. Simply claiming he would have taken the plea–after being convicted and after refusing to take the plea in open court–does not create a reasonable probability that the outcome would have been different. The state court's determination of the same was neither contrary to law nor an unreasonable determination of facts and accordingly the Magistrate Judge's conclusions were valid.

      Petitioner finally claims counsel was ineffective in general because there were other indications during his criminal proceedings that counsel was ineffective. First, counsel

erroneously filed a motion to dismiss. *Id*. at 6. This argument is not related to Petitioner's claim that he was ill advised about his potential sentence at trial. Petitioner does not show how the possible error is connected to his choice to go to trial, nor how he was prejudiced by the action. Petitioner finally argues that counsel filed a motion to suppress challenging third–party identification of Petitioner and this was ineffective. *Id*. at 7. Again, this is not connected to any failure to inform Petitioner of the possible sentence after conviction at trial and so does not demonstrate that Petitioner was prejudiced. Moreover, as stated earlier, both claims are procedurally defaulted, and Petitioner's objection makes no argument to the contrary.

## VII. CONCLUSION

Upon de novo review of the issues raised in Petitioner's objection to the R&R, the Court agrees with the Magistrate Judge's determinations. Petitioner is not entitled to relief in habeas.

## VIII. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

Accordingly, IT IS ORDERED:

1. Magistrate Judge Bowman's Report and Recommendation is ADOPTED.
2. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.
3. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 8th day of April, 2019.

Honorable Raner C. Collins
Senior United States District Judge